**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PETER A. CALI,**

            **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-649-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

            **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 29)**
>
> **FILED:** November 5, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiff's Motion for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 25 and 26). The Commissioner seeks a small reduction to the hours proposed (1.5 hours) and payment of the fees to the prevailing party rather than the Plaintiff's attorneys. Because this Court has intentionally never ordered that fees be paid to Plaintiff's attorneys, but left that to the discretion of the Commissioner, the Court need not address that issue.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not oppose an award of fees.

Plaintiff's Motion seeks an award of attorney's fees in the amount of $3,705.90, calculated at the rate of $161.85 per hour ($125.00 adjusted for cost of living increase of 29.48% (Consumer Price Index)) for 19.9 hours of work expended in 2006 and at the rate of $167.27 per hour ($125.00 adjusted for cost of living increase of 33.82% (Consumer Price Index)) for 2.9 hours of work expended in 2007. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorneys fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 29-2.

The Commissioner recommends cutting in half the time (1.55 hours) Plaintiff's attorneys spent preparing communications between multiple attorneys which would not have been necessary if only one attorney had been involved; the Court agrees. However, the Court will not reduce the time Ms. Bohr spent preparing the fee petition, as the Commissioner recommends. Even if the final product appears somewhat "boilerplate," collection of the underlying information is an independent effort in each social security case.

The Court finds that the hours, with the slight reduction are reasonable, and the following award is appropriate under the EAJA: $3,490.23, for 18.95 hours of work expended in 2006 at

$161.85 per hour; and for 2.3 hours of work expended in 2007 at $167.27 per hour. It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered in the amount of **$3,490.23**, for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record